IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM O. ROARK, III, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:09-0402 |
| | ) | JUDGE HAYNES |
| v. | ) | |
| | ) | |
| LEE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**M E M O R A N D U M**

Plaintiff, William O. Roark, III, filed this action, under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 et seq. and the Family Medical Leave Act ("FMLA"), 42 U.S.C. 12101 et seq. against the Defendant, Lee Company, his former employer. Plaintiff's USERRA claims are: (1) that while he was on military duty, the Defendant terminated of his employment in 2003 in violation of USERRA by reporting the termination to his 401k plan and paying his accrued vacation time; (2) that the Defendant failed to reinstate Plaintiff upon his initial return from military service in July 2004; and (3) that in 2007, after another deployment, the Defendant again paid all of his accrued vacation time; and (4) the Defendant effectively discharged him in retaliation for his exercise of his rights under USERRA when the Defendant included Plaintiff in a 2008 layoff. Plaintiff's FMLA claims are that the Defendant's layoff was also retaliatory for Plaintiff's medical appointments for injuries from his military service and such appointments were protected by the FMLA. Id. at ¶ 28. Plaintiff seeks declaratory relief, award of back pay and liquidated damages for the Defendant's alleged violations of USERRA. (Docket Entry No. 1, Complaint at p. 7).

Before the Court is the Defendant's motion to dismiss (Docket Entry No. 11) contending,

in sum, that Plaintiff's USERRA claims are time-barred under 28 U.S.C. § 1658 that is applicable to all claims based upon federal laws enacted after 1990. Defendant also argues that Plaintiff's factual allegations fail to describe a "serious health condition" necessary for his FMLA claim. In response, Plaintiff asserts that his action is timely under the amended statute in USERRA, 38 U.S.C. § 4327(b), thus eliminating any statute of limitations for his USERRA claims because this amended statute was in effect when this action was filed. Second, Plaintiff contends that the Defendant engaged in a continuing practice of discrimination prohibited by USERRA thereby tolling the limitations period relied upon by the Defendant. Finally, Plaintiff cites his doctor's scheduling of appointments to satisfy the serous medical condition required for his FMLA claim.

## A. Analysis of Complaint

Plaintiff was an employee of the Defendant that provides mechanical services. Since January, 1997, Plaintiff has also been a member of the Army National Guard and was on active duty twice: from January of 2003 until July 2004 and later in the summer of 2007 (Docket Entry No. 1, Complaint at ¶ 5-6, 7-11, 14). During his deployment in 2003, Plaintiff alleges that he was administratively terminated because the Defendant paid his accumulated vacation days and moved his 401k account. Id. at ¶ 8. Plaintiff alleges that the Defendant did so unilaterally. Id. Upon his return from active duty during the summer of 2004, the Defendant did not reemploy Plaintiff until Plaintiff contacted an Army ombudsman who contacted the Defendant. Id. at ¶ 12.

In the summer of 2007, Plaintiff was deployed for military duty, and the Defendant again paid his accumulated vacation days, but upon his return, Defendant reemployed Plaintiff on October 18, 2008 at its project in London, Kentucky. Id. at ¶ 14. During his second military

deployment, Plaintiff alleges that he sustained "injuries and illnesses" that require weekly or bi-weekly doctor's visits. Id. Plaintiff scheduled his appointments to avoid interference with his work, but the Defendant's superintendent allegedly expressed "displeasure" with Plaintiff's medical appointments. Id.

Plaintiff continued working for the Defendant until he was laid off on November 28, 2008. Id. Plaintiff alleges other employees with less seniority were not laid off, but were reassigned to the Defendant's other projects. Id. Since his layoff, Plaintiff cannot find comparable work as to pay and benefits. Id. at ¶ 15. On May 5, 2009, Plaintiff filed this action.

### B. Conclusions of Law

Analysis of the limitations issue in this action requires an short review of Veterans' Benefits Improvement Act, ("VBIA"), Pub. L. 110-389, 122 Stat. 4145 (2008) that merged USERRA and Veterans' Reemployment Rights Act of 1974 (VRRA), USERRA's predecessor that prohibited private employers from discriminating against individuals returning from military deployment or training. 38 U.S.C. § 2021 et seq. At one time, USERRA provided that "[n]o State statute of limitations shall apply to any proceeding under this chapter." 38 U.S.C. § 4323(i). The general four-year general statute of limitations for civil claims under federal law, 28 U.S.C. § 1658, has been applied to claims arising under a Congressional enactment after December 1, 1990. Jones v. R.R. Donnelly & Sons Co., 541 U.S. 369, 382 (2004).

On October 10, 2008, Congress enacted VBIA that merged VRRA into USERRA and deleted USERRA's provision barring the use of state statutes of limitations. VBIA included a provision that "there shall be no limit on the period for filing the Complaint or claim under USERRA." 38 U.S.C. § 4327(b). Plaintiff asserts that with the 2008 merger of VRRA into

3

USERRA, the four year statute of limitations in 28 U.S.C. § 1658 is inapplicable and Plaintiff is asserting rights and remedies that existed prior to the 2008 amendments eliminating any limitations period.

As a general rule, "a presumption against retroactive legislation is deeply rooted in our jurisprudence." Landgraf v. USI Film Prods., 511 U.S. 244, 265 (1994), but this presumption does not arise where "Congress has clearly manifested its intent to the contrary." Hughes Aircraft Co. v. United States ex rel. Schumer, 520 U.S. 939, 946 (1997). Even with a Congressional declaration of retroactivity, a statute remains subject to the ex post facto clause in Art. I, § 9, cl. 3. Landgraf, 511 U.S. at 266. Yet, "rules of procedure regulate secondary rather than primary conduct" and "the fact that a new procedural rule was instituted after the conduct giving rise to the suit does not make the application of the rule at trial retroactive." Landgraf, 511 U.S. at 275, 286 (holding statute authorizing compensatory and punitive damages in civil rights action cannot be applied retroactively).

For a purportedly retroactive application, the Court's "first task is to determine whether Congress has expressly prescribed the statute's proper reach." Id. at 280. If Congress has done so, the Court must consider "whether the new statute would have retroactive effect i.e., whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." Id. This principle extends to statutes that amend existing laws. Jones, 541 U.S. at 381. As the Supreme Court stated in Jones, "What matters is the substantive effect of an enactment - - the creation of new rights of actions and corresponding liabilities - not the format in which it appears in the Code." Id.

As applied here, to determine the effect of the 2008 amendments, the Court notes the

Seventh Circuit's review of the legislative history, purposes and interrelationship of the VRRA, USERRA and VBIA, in <u>Middleton v. City of Chicago</u>, 578 F.3d 655 (7th Cir. 2009).

> Although Congress passed USERRA in 1994, it was the latest in a series of federal laws seeking to protect the ability of our veterans to obtain employment upon returning to civilian life. According to Middleton, USERRA did not establish a new cause of action in 1994, but instead amended its predecessor statute, commonly referred to as the Veterans' Reemployment Rights Act of 1974 (VRRA). <u>See</u> Pub.L. No. 93-508, § 404(a), 88 Stat. 1578, 1594 (codified at 38 U.S.C. § 2021 <u>et</u> <u>seq</u>.)
>
> \* \* \*
>
> **Congress passed [VRRA] in 1974.** The VRRA provided veterans with certain rights and protections upon their return to the workforce, and it barred employment discrimination based on a reservist's military service. . . . **The only remedy available under the VRRA was injunctive relief and recovery of lost wages and benefits.** <u>Id.</u> sec. 404, § 2022.
>
> **In 1994**, Congress replaced the VRRA with USERRA "to clarify, simplify, and, where necessary, strengthen the existing veterans' employment and reemployment rights provisions." . . . (noting that USERRA "would restructure, clarify, and improve " the VRRA (emphasis added)). **Among other improvements, if an employer engaged in willful discrimination, USERRA permitted a plaintiff to seek liquidated damages, a form of relief unavailable under the VRRA. See USERRA sec. 2, § 4324(c)(1)(A)(iii).** With that new provision, Congress converted what had been an equitable claim into a legal one, which brought along the corresponding right to a jury trial.
>
> \* \* \*
>
> USERRA provided veterans the chance to seek previously unavailable remedies, an amendment that materially altered the VRRA's enforcement provision. The rights to liquidated damages and a jury trial were not available to Middleton under the VRRA, and USERRA created new potential liability for the City. In his operative complaint, Middleton alleged that the City's "violation of USERRA was willful," and he sought all "just and proper" relief. Such relief encompasses the new remedies that Congress provided for veterans in USERRA. Applying the Supreme Court's reasoning in Jones, Middleton's current claim was "made possible by" and "necessarily depend[s]" on USERRA, meaning it arose under a cause of action enacted after § 1658.
>
> \* \* \*

5

Congress expressed no desire for USERRA claims to be immune from § 1658(a)'s limitations period. Of course, under USERRA's predecessor, the VRRA, the express provision that no state statute of limitations should apply effectively meant that no statute of limitations applied-there was no federal statute of limitations until 1990. But USERRA came four years after § 1658, and Congress was well aware that it had recently enacted a catch-all limitations period governing any claim under a subsequent act. We see no clear congressional intent contrary to the statutory language.

\* \* \*

Congress did not articulate a statute of limitations in USERRA perhaps suggests some ambiguity, but there is no ambiguity in the limitations provision of § 1658, which applies to any act of Congress enacted after December 1, 1990, unless that law otherwise provides. Congress did not "otherwise provide" in USERRA. Second, in explaining its position in the preamble, the [Department of Labor] relied heavily on pre- Jones case law and the inconclusive legislative history we have just discussed. See USERRA Preamble, 70 Fed.Reg. at 75,287-88. The VBIA struck the provision in USERRA that prohibited applying state statutes of limitation, formerly, as amended, at 38 U.S.C. § 4323(i), and replaced it with the following:

> If any person seeks to file a complaint or claim with the Secretary [of Labor], the Merit Systems Protection Board, or a Federal or State court under this chapter alleging a violation of this chapter, there shall be no limit on the period for filing the complaint or claim.

Pub.L. No. 110-389, § 311(f)(1), 122 Stat. 4145, 4164 (2008) (codified at 38 U.S.C. § 4327(b)).

\* \* \*

The VBIA says nothing about whether § 4327(b) applies retroactively. In fact, the only hint in the text suggests that it applies prospectively: "If any person seeks to file a complaint or claim ...." Sec. 311(f)(1), § 4327(b) (emphasis added). Congress was aware that for § 4327(b) to have retroactive effect, it needed to say so expressly, and the absence of any such express language in the text indicates that Congress chose not to do so.

[T]he only indication that perhaps Congress intended to clarify USERRA or that the VBIA should have retroactive effect came in a Senate report:

6

> Subsection 302(f) of the Committee bill would clarify that the original intent of Congress was that USERRA would not be subject to a federal or state statute of limitations period and specifically states that there is no time limit for a person to file a complaint .... **The application of a federal statute of limitation period under USERRA is inconsistent with the intent of Congress ....**

S. Rep. 110-449, at 26 (2008), as reprinted in 2008 U.S.C.C.A.N. 1722, 1748-49.

Id., at 658, 659, 660, 661, 662, 663, 664 (emphasis added).

As in Middleton, other courts have applied Section 1658's four-year statute to USERRA claims. Wagner v. Novartis Pharms. Corp., 565 F.Supp.2d 940, 945 (E.D. Tenn. 2008). Because the USERRA remedies of liquidated damages asserted here were created by the 1994 USERRA legislation, Section 1658 would be applicable and dispositive, but that does not end the inquiry given the 2008 amendment in Section 4327 (b) barring the invocation of any statute of limitations defense.

Applying the Landgraf factors, Defendant contends that the 2008 amendments creating Section 4327(b) lack any evidence of Congressional intention that the 2008 amendments are to be given retroactive application. In the Court's view, Congress's command in Section 4327(b) is clear that when a USERRA claim is filed, a statute of limitations cannot be asserted to bar that USERRA claim. As here, this legislative command contemplated the invocation of statute of limitation defenses to USERRA claims. Moreover, the Senate Report's express statement that "[t]he application of a federal statute of limitation period under USERRA is inconsistent with the intent of Congress," satisfies this Court of Congress's intention and declaration that the VBIA's 2008 amendments are to be given retroactive effect by eliminating the application of any limitation period, including 28 U.S.C. § 1658, as sought here.

As to the second Landgraf factor, the legislative history set forth in Middleton clarifies

7

that Plaintiff's USERRA claims are not based upon any new substantive rights or remedies that were created in 2008. Plaintiff's claims are predicated upon rights and remedies Congress enacted in 1994. The only benefit conferred by VBIA is the procedural amendment in Section 4327(b) that eliminated the application of any statute of limitations to USERRA claims. Newly enacted limitations periods are deemed procedural rules not governed by the retroactivity rule. Forrest v. United States Postal Service, 97 F.3d 137, 149 (6th Cir. 1996).

The Defendant contends that two of Plaintiff's USERRA claims arose in 2003 and 2004, were then governed by 28 U.S.C. ¶ 1658 and are now time barred because this action was not filed until 2009. Since Forrest, the Supreme Court stated in Hughes Aircraft, "extending a statute of limitations after the pre-existing period of limitations has expired impermissibly revives a moribund cause of action." 520 U.S. at 950. There the Supreme Court reiterated that "'[a] law that abolishes an affirmative defense' violates the Ex Post Facto clause." Id. at 948 (quoting Collins v. Youngblood, 497 U.S. 37, 49 (1990). See also Milholland v. Sunmer County Bd. of Educ., No. 08-5568, slip op. at 4 (6th Cir. July 2, 2009) ("recently-enacted ADA Amendments Act of 2008 does not govern this case because its application would have the type of impermissibly retroactive effect that requires a clearly-stated congressional intent."). The application of Section 4327(b) here would eliminate the Defendant's affirmative defense based upon § 1658 to Plaintiff's 2003 and 2004 USERRA claims. Thus, the Court concludes that despite the Congressional history, Hughes Aircraft forecloses the application of Section 4327(b) to Plaintiff's 2003 and 2004 USERRA claims

Plaintiff also asserts as an alternative that the Defendant engaged in a pattern and practice to violate USERRA and invokes the continuing violation doctrine to toll the limitations period

8

for his 2003 and 2004 claims. Plaintiff cites the Defendant's November 2008 the lay off decision after his return from active duty in Iraq that is within the applicable limitations period as yet another in a series of continuing violations of USERRA in 2003, 2004 and 2007. For the continuing violation doctrine to apply, Plaintiff must present some evidence of a current violation of the relevant statute within the relevant limitations period or allege a longstanding policy or practices of illegal conduct. Trzebuckowski v. City of Cleveland, 319 F.3d 853, 857 (6th Cir. 2003)). With such a showing the Court can consider the timely claim as well as related claims that would otherwise be time-barred. Nat'l Parks Conservation Ass'n v. Tenn. Valley Authority, 480 F.3d 410, 416 (6th Cir. 2007). Yet, distinct and isolated acts do not qualify, Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982), and continuing effects of a time-barred claim are not actionable. Tolbert v. Ohio Dep't of Transp., 172 F.3d 934, 940 (6th Cir. 1999)). In sum, for the continuing violation doctrine to apply: (1) the defendant's wrongful conduct must continue after the precipitating events that began the pattern; (2) plaintiff's injury must continue after that event; and (3) the further injury to the plaintiff must have been avoidable if the defendant had at any time ceased its wrongful conduct. Tolbert, 72 F.3d at 940.

Here, Plaintiff alleges a pattern beginning with Defendant's termination of Plaintiff in 2003 and Defendant's subsequent failure to return Plaintiff to his position when Plaintiff returned from active duty military deployment in 2004. The Defendant's repeated pay off of Plaintiff's vacation days against his wishes continued when Plaintiff was re-deployed in 2007. Plaintiff alleges that his injuries from these acts continued with his November 2008 lay-off and termination of his employment. The Defendant argues that each decision was a distinct and discrete act and applying Title VII precedents, Defendant contends that the statute of limitations

commenced on the dates of each adverse employment decision. Yet, prior to the 2008 lay-off, the Defendant rehired the Defendant in 2007 without intervention of military representatives. This 2007 rehiring precludes any finding of the Defendants' continuing violations of USERRA. Thus, the Court concludes that the continuing violation doctrine is unavailable here and Plaintiff's claims are limited to Plaintiff's claim for the 2007 vacation pay-off and the 2008 lay-off.

For his FMLA claim, the FMLA defines a "serious health condition" as "an illness, injury, impairment, or physical or mental condition that involves: (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11); See Wysong v. Dow Chem. Co., 503 F.3d 441, 446 (6th Cir. 2007). Here, Plaintiff's factual allegations are that he suffers from "injuries and illnesses" as a result of his military deployment in Iraq and that these conditions require him to attend weekly or bi-weekly doctor's appointments for treatment. (Docket Entry No. 1, Complaint at ¶ 14). Viewed in the light most favorable to Plaintiff, these factual allegations and the wording of Section 2611(11), reflected that Plaintiff has alleged the requisite "serious health condition" for his FMLA claim.

For these reasons, the Defendant's motion to dismiss (Docket Entry No. 11) should be granted in part and denied in part.

An appropriate Order is filed herewith.

**ENTERED** this the ___ day of November, 2009.

WILLIAM J. HAYNES, JR.
United States District Judge